# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| WIT Associates, Inc. | ) | ASBCA No. 61547 |
| | ) | |
| Under Contract No. N68836-10-D-0002 | ) | |

APPEARANCE FOR THE APPELLANT:      Mr. Steven P. O'Carroll
                                   CFO

APPEARANCES FOR THE GOVERNMENT:    Craig D. Jensen, Esq.
                                    Navy Chief Trial Attorney
                                   Robert R. Kiepura, Esq.
                                   Senior Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

The government moves for dismissal of the appeal for failure to state a claim upon which relief can be granted; we converted the motion to one for summary judgment (*see* Bd. order dtd. January 7, 2019). Appellant seeks additional compensation for what it says were government orders that exceeded the "maximum quantities" or "maximum amounts" provided in the contract (compl. at 1-2, 4).

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

The following is undisputed. In 2009, the government awarded a transportation services contract to appellant (R4, tab 1 at 1). The contract includes the following Federal Acquisition Regulation (FAR) clause:

52.216-19, ORDER LIMITATIONS (OCT 1995)

....

(b) Maximum order. The Contractor is not obligated to honor:

(1) Any order for a single item in excess of the total amount of the item;

(2) Any order for a combination of items in excess of total contract amount; or

(3) A series of orders from the same ordering office within 3 days that together call for quantities exceeding the limitation in subparagraph (1) or (2) above.

....

(d) Notwithstanding paragraphs (b) and (c) above, the Contractor shall honor any order exceeding the maximum order limitations in paragraph (b), unless that order (or orders) is returned to the ordering office within 3 days after issuance, with written notice stating the Contractor's intent not to ship the item (or items) called for and the reasons. Upon receiving this notice, the Government may acquire the supplies or services from another source.

(R4, tab 1 at 141-42)

## DECISION

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,067 at 176,127 (citing FED. R. CIV. P. 56(a)). The government says that appellant's request for additional compensation for what appellant says were orders that exceeded maximum quantities or maximum amounts is precluded by FAR 52.216-19, ORDER LIMITATIONS (OCT 1995) (*see* mot. at 6). We agree. The Order Limitations clause provided appellant a remedy: appellant could simply have notified the government, within three days of the government's issuance of orders that exceeded the contract's specified limitations, that appellant declined to honor those orders. *See NMS Management, Inc.*, ASBCA No. 53444, 03-2 BCA ¶ 32,340 at 159,987-88. (Indeed, appellant admits as much (*see* notice of appeal at 1-2).) There is no contention that appellant ever gave such notice. Consequently, appellant is not entitled to additional compensation, and the government is entitled to judgment as a matter of law. *See NMS Management*, 03-2 BCA ¶ 32,340 at 159,988. Because there is no genuine dispute as to any material fact and the government is entitled to judgment as a matter of law, summary judgment is granted to the government.

# CONCLUSION

The appeal is denied.

Dated: May 1, 2019

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61547, Appeal of WIT Associates, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3